1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814-2322
4  Telephone: (916) 554-2700

5  United States of America

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      ) 2:11-CV-02398-WBS-JFM
                                   )
12            Plaintiff,           ) FINAL JUDGMENT OF FORFEITURE
                                   )
13                                 )
        v.                         )
14                                 )
    APPROXIMATELY $37,280.00 IN     )
15  U.S. CURRENCY,                 )
                                   )
16            Defendant.           )
    ───────────────────────────── )

17

18      Pursuant to the Stipulation for Final Judgment of

19  Forfeiture, the Court finds:

20      1.  This is a civil forfeiture action against Approximately

21  $37,280.00 in U.S. Currency (hereafter "defendant currency").

22      2.  A Verified Complaint for Forfeiture *In Rem* ("Complaint")

23  was filed on September 12, 2011, alleging that said defendant

24  currency is subject to forfeiture to the United States of America

25  pursuant to 21 U.S.C. § 881(a)(6).

26      On September 15, 2011, the Clerk issued a Warrant for Arrest

27  for the defendant currency, and that warrant was duly executed on

28  October 27, 2011.

4.   Beginning on October 12, 2011, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.   The Notice will run for at least 30 consecutive days.

5.   In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a.   Rogelio Lopez-Cortez

    b.   Eustolio Ochoa-Marfin

6.   Claimant Rogelio Lopez filed a claim alleging an interest in the defendant currency on October 18, 2011.  No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

7.   The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Eustolio Ochoa-Marfin on November 4, 2011.  Pursuant to Local Rule 540, the United States and claimant thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a default judgment against the interest, if any, of Eustolio Ochoa-Marfin without further notice.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.   The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.   That judgment is hereby entered against claimant Rogelio

Lopez and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture, $27,280.00 of the $37,280.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. Upon entry of a Final Judgment of Forfeiture herein, but no later than 60 days thereafter, $10,000.00 of the $37,280.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to claimant Rogelio Lopez through his attorney Robert W. MacKenzie.

5. That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant currency, and for the commencement and prosecution of this forfeiture action. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

6. Claimant waived any and all claim or right to interest that may have accrued on the defendant currency being forfeited to the United States.

7. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on September 12,

1   2011, the Court finds that there was reasonable cause for the

2   seizure and arrest of the defendant currency, and for the

3   commencement and prosecution of this forfeiture action, and a

4   Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465

5   shall be entered accordingly.

6        8.   All parties are to bear their own costs and attorneys'

7   fees.

8        9.   The Court shall maintain jurisdiction to enforce the

9   terms of this Final Judgment of Forfeiture.

10       SO ORDERED THIS 22nd day of November, 2011.

11

12   _____

13   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

14

15

16        CERTIFICATE OF REASONABLE CAUSE

17       Based upon the allegations set forth in the Complaint filed

18   September 12, 2011, and the Stipulation for Final Judgment of

19   Forfeiture filed herein, the Court enters this Certificate of

20   Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was

21   reasonable cause for the seizure or arrest of the defendant

22   currency, and for the commencement and prosecution of this

23   forfeiture action.

24   DATED:  November 22, 2011

25

26   _____

27   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

28